Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | )<br>)<br>) Case No. 1:05CR00062<br>) |
| v. | )<br>) **OPINION AND ORDER**<br>) |
| **FRANK BALLARD SMITH**, | ) By: James P. Jones<br>) Chief United States District Judge |
| Defendant. | )<br>) |

*Dennis H. Lee, Special Assistant United States Attorney, Tazewell, Virginia, for United States of America; Michael A. Bragg, Bragg Law, PLC, Abingdon, Virginia, for Defendant.*

The defendant was convicted by a jury of attempted escape, 18 U.S.C.A. § 751(a) (West Supp. 2005), and has filed a post-verdict motion for judgment of acquittal or in the alternative, for a new trial, contending that he was not in federal custody at the time of the escape because he had been obtained from state custody by writ of habeas corpus ad prosequendum. For the reasons set forth, I will deny the motion.

I

The facts surrounding the pertinent issue are undisputed.

The defendant was in jail in Tazewell County, Virginia, awaiting trial on state charges when a magistrate judge in this district issued a writ of habeas corpus ad prosequendum, allowing the federal government to prosecute the defendant on felony firearm charges. The writ directed the Tazewell County Jail to "surrender the body of Frank Ballard Smith . . . to the United States Marshal for the Western District of Virginia, or one of his deputies, to the end that his body will be before the United States District Court for the Western District of Virginia, at Abingdon, Virginia, on the 14th day of January 2005." The writ also directed the Marshal to return Smith to the Tazewell County Jail upon completion of the federal court proceedings.

Pursuant to the writ, the defendant was obtained from the Tazewell County Jail by the United States Marshals Service for his initial appearance and arraignment in this court on January 14, 2005. A magistrate judge issued a detention order following the hearing and the defendant was placed by the Marshals Service in the New River Valley Regional Jail (the "NRVRJ") where he was to be held during the pendency of the federal charges. Thereafter, Smith was indicted by a grand jury of this court for attempting to escape from the NRVRJ between February 1 and February 27, 2005. On March 3, 2006, a jury found him guilty of this charge.

The defendant argues that because he was a state prisoner on loan to the federal authorities pursuant to a writ of habeas corpus ad prosequendum, he was not in

federal custody and must be acquitted notwithstanding the jury verdict. In the alternative, the defendant argues that it was error for the court to forbid defense counsel from arguing the federal-versus-state custody issue to the jury and thus a new trial should be granted. The defendant's motion has been briefed and is ripe for decision.

II

The statute under which Smith was convicted provides that

> [w]hoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both . . . .

18 U.S.C.A. § 751(a).

As is clear from the statute, the three essential elements of this crime are (1) that the defendant was in federal custody, (2) that the custody came as the result of an arrest on a felony charge, and (3) that the defendant knowingly left the custody without permission or authorization. The defendant does not claim that because he

- 3 -

was being held in the NRVRJ, a state facility, that he was not in federal custody. He recognizes that the fact that the attempted escape occurred while he was in a state facility is not determinative. *See United States v. Hall*, 451 F.2d 347, 348 (4th Cir. 1971) (holding that a federal prisoner who was being held awaiting federal charges in a local county jail was in federal custody and could be prosecuted under the federal escape statute). According to the defendant, because a writ of habeas corpus ad prosequendum merely lends a prisoner to the receiving jurisdiction, the sending jurisdiction retains exclusive custody. To support his argument, the defendant relies on the opinion in *United States v. Evans*, 159 F.3d 908 (4th Cir. 1998).

I find that Smith was in federal custody for purposes of § 751(a) at the time of his attempted escape and that his case authority is not to the contrary. In *Evans*, the defendant was serving a sentence in a federal prison when the Circuit Court of Harrison County, West Virginia, issued a writ of habeas corpus ad prosequendum to allow the State of West Virginia to proceed with grand larceny charges against him. Pursuant to this writ, Evans was released from the federal prison and transported to Harrison County Jail. While incarcerated in the Harrison County Jail awaiting trial on the state charges, Evans suffered a seizure and was transported to a nearby hospital. Evans escaped from the hospital three days later. Evans was thereafter charged with escape in violation of § 751(a) and subsequently convicted by a jury.

Evans appealed, challenging the sufficiency of the evidence to support his § 751(a) conviction.

One of Evans' arguments on appeal was that he was not in federal custody, and thus that his § 751(a) conviction could not stand, because at the time of his escape he was in state custody awaiting trial on state charges pursuant to the state-court-issued writ of habeas corpus. Thus, Evans' situation was the opposite of Smith's situation in that he was "on loan" to state authorities, rather than to federal authorities, at the time of his escape. Evans contended that a writ of habeas corpus ad prosequendum effectuates a change in custody such that the sending jurisdiction loses escape jurisdiction and the receiving jurisdiction gains it. Therefore, according to Evans, the federal authorities had relinquished custody over him at the time of his escape and thus the essential "federal custody" element of the crime was lacking.

The Fourth Circuit rejected Evans' argument, holding that the sending jurisdiction does not relinquish its custodial authority over a prisoner for purposes of escape jurisdiction when such prisoner is sent to the receiving jurisdiction pursuant to a writ of habeas corpus ad prosequendum. *Id*. at 911. Accordingly, the Fourth Circuit found that Evans was still in federal custody as that term is used in § 751(a) even though he was being held by state authorities pursuant to the state writ of habeas corpus ad prosequendum. *Id*. at 913. In reaching this conclusion, the Fourth Circuit

found instructive the meaning of the term "custody" in 18 U.S.C.A. § 3585 (West 2000), the statute establishing when a federal sentence begins. *Id.* at 911-12.

Under § 3585(a), a federal sentence does not commence until the Attorney General receives the defendant into his "custody" for service of the sentence. 18 U.S.C.A. § 3585(a); *Evans*, 159 F.3d at 911. While a federal sentence may commence for a defendant who is already in state custody if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence, a federal sentence does not begin to run when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. *Id.* at 911-12. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody [for § 3585(a) purposes] commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *Id.* at 912 (citing *Thomas v. Whalen*, 962 F.2d 358, 361 n.3d (4th Cir. 1992) and *Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991)). The Fourth Circuit explained that "if the sending jurisdiction in the § 3585 context does not relinquish its custodial authority over the prisoner when the prisoner is sent to the receiving jurisdiction pursuant to a writ of habeas corpus ad prosequendum, the same rationale should apply with equal force in the § 751(a) context." *Id.* Accordingly, the court concluded that Evans was still in federal custody for § 751(a) purposes despite

- 6 -

the fact that he was being held by the state pursuant to the state writ at the time of his escape. *Id*. at 913.

The defendant now argues that if under *Evans* a prisoner who has been transferred to the receiving jurisdiction pursuant to a writ of habeas corpus ad prosequendum is still in the custody of the sending jurisdiction for escape jurisdiction purposes, he cannot also be in the custody of the receiving jurisdiction and thus cannot be prosecuted under the receiving jurisdiction's escape statute. While there is language in *Evans* that could be read to support this contention, I do not believe that the court of appeals intended to hold that a prisoner on loan to the receiving jurisdiction pursuant to a writ of habeas corpus ad prosequendum is in the *exclusive* custody of the sending jurisdiction and refuse to read *Evans* as supporting such a proposition.

The logical extension of *Evans* to the instant case is that the state of Virginia retained primary custody over Smith and thus could have prosecuted him in its own courts for attempted escape from state custody. However, simply because Virginia could prosecute Smith for escape, it does not follow that the federal government is precluded from prosecuting Smith for escape from federal custody. It is possible for a prisoner to be in the custody of two jurisdictions simultaneously, *see Huffman v. Perez*, No. 99-6700, 2000 U.S. App. LEXIS 24837, at *2 (6th Cir. 2000)

- 7 -

Case 1:05-cr-00062-JPJ-PMS   Document 108   Filed 05/01/06   Page 7 of 9   Pageid#: 183

(unpublished) (describing simultaneous custody resulting from writ of habeas corpus ad prosequendum), and here Smith was in the primary custody of Virginia and secondarily in the custody of the Attorney General pursuant to both the writ of habeas corpus ad prosequendum and the detention order issued by the magistrate judge.

The statute prohibits escape "from any custody under or by virtue of any process issued under the laws of the United States by any court [or] judge." § 751(a). Because the federal writ and the federal detention order placed Smith in federal custody, albeit custody subordinate to that of the state, he has violated the express provision of the statute. While secondary custody obtained pursuant to a federal writ of habeas corpus ad prosequendum may not be sufficient to start the clock for purposes of carrying out a sentence, it is nonetheless sufficient to establish custody within the meaning of § 751(a). Had Smith not already been a state prisoner and had attempted to escape from federal authorities while awaiting resolution of the federal charges against him, there would be no question that he could be prosecuted under § 751(a). It would defy reason and offend justice if I were to find that he could avoid this fate simply because he happens to be a state inmate convicted of state charges in addition to the prosecution brought under federal law. Accordingly, I find that Smith was indeed in federal custody as that term is used in § 751(a). Because this is purely

a matter of law, there was no error in preventing defense counsel from arguing the issue to the jury.

III

For the foregoing reasons, it is **ORDERED** that the Motion for Judgment of Acquittal Notwithstanding the Verdict or for a New Trial is DENIED.

ENTER: May 1, 2006

/s/ JAMES P. JONES
Chief United States District Judge